### KITTREDGE *v.* HOLT.

When goods, taken from their owner by a sheriff on an execution against another person, have been replevied by the owner, and the sheriff has recovered judgment for their value, in the replevin suit, because replevin was not a legal remedy in such a case, the owner may recover their value of the sheriff in trover.

TROVER, for chattels attached while in the plaintiff's possession by the defendant (a deputy sheriff), as the property of H. G. K., and receipted for by the plaintiff, who reserved in the receipt his right to claim and hold the property as his own. Afterwards, the defendant having an execution against H. G. K. issued on a judgment in the suit in which the chattels were attached, they were, on demand made, delivered by the plaintiff to the defendant, who advertised them for sale. The plaintiff then replevied them, and the defendant recovered a judgment against the plaintiff for their value, on the ground that replevin is not a legal remedy in such a case. *Kittredge* v. *Holt*, 55 N. H. 621. The plaintiff then brought this suit.

*Woodward & Wellington* and *G. Y. Sawyer & Sawyer, Jr.*, for the plaintiff.

*F. A. Faulkner*, for the defendant.

STANLEY, J.   There being no evidence of title in a third person, the plaintiff's possession was sufficient to enable him to maintain this action. *Bartlett* v. *Hoyt*, 29 N. H. 317.   The judgment in the replevin suit was not on the merits, and was no bar to the plaintiff's recovery. *Holton* v. *Gleason*, 26 N. H. 501 ; *Demerit* v. *Lyford*, 27 N. H. 541.   Nor is the plaintiff estopped by his receipt, even if it were in the common form.   *Barron* v. *Cobleigh*, 11 N. H. 557 ; *Morse* v. *Hurd*, 17 N. H. 246 ; *Robinson* v. *Mansfield*, 13 Pick. 139.

By the attachment, the defendant was guilty of a tort, for which he is liable, but he contends that the plaintiff can only recover nominal damages.   That might be so if the case stopped with the attachment ; but when the defendant took the property from the plaintiff's possession on the execution, he committed another tort, for which he is liable in damages, and, having recovered in the replevin suit the full value of the property, he is answerable as if he had the property itself, or had received its value from some other person.   The plaintiff did not waive his right to the property by delivering it in response to the defendant's demand.

*Case discharged.*