KENEFICK v. PERRY & *a.* and HOLLIS, *Tr.*

Where the partners of an insolvent firm, by an instrument under seal, assign and convey all the partnership property and assets to a creditor as agent of and in trust for all other creditors whose names are or shall be signed to an agreement thereto annexed, accepting the property in full satisfaction of their respective debts, the conveyance, in the absence of fraud, is to be regarded as an ordinary sale upon a

valuable consideration, and not as an assignment, and will be upheld as against the subsequent process of a creditor not accepting its provisions.

FOREIGN ATTACHMENT.    Facts found by the court.    Writ dated December 20, 1880.    The principal defendants were partners ; and November 10, 1880, they made to the trustee, each partner signing for himself, an assignment, in which it was stipulated that the partnership was dissolved, and the assignment then proceeded as follows : "And we each of us do hereby sell, transfer, and assign all the property of the firm, of every kind and description, including all debts to and all contracts with the firm, to Abijah Hollis, in trust for the creditors of the firm, whose names are hereto signed as accepting said property.    And we each hereby authorize said Hollis to take full possession of all said property, to collect all debts due said firm in our firm name, if necessary, to complete all contracts with said firm, to sell and dispose of all firm property, to distribute the proceeds of said property equally among the creditors of said firm who accept, as aforesaid, in proportion to their respective claims, subject to any liens that may exist on said property that by law would give priority to any party, to settle and compromise any suit against said firm, and to do any act regarding said property as fully and completely and with equal power that said firm might have had if this assignment had not been made.    It being the true intent and meaning of this assignment to transfer the title to all our firm property to our firm creditors, who shall accept it by signing their names to the annexed agreement; and said creditors are by this conveyance and deed made the owners of said property, and said Hollis is an agent selected by them to manage, dispose of, and distribute it for them." This assignment was under seal, and dated November 10, 1880.

Under the same date Hollis signed the following : "I, Abijah Hollis, hereby accept said property as a creditor, and as agent for all creditors whose names are signed hereunto, and agree to manage and distribute the property for the best interests of the creditors, and in accordance with the foregoing assignment."

Under the same date, a large number of the creditors signed the following : " We, the undersigned creditors of the firm of Perry, Baldwin & Company, hereby accept of all the property and assets of said firm, as conveyed to us in the foregoing assignment in full discharge of our respective debts, and we hereby appoint Abijah Hollis, of Concord, N. H., our agent, to take charge of and dispose of said property, to collect all debts assigned to us, to complete all contracts, to compromise, settle, or arbitrate any questions of law or fact that may arise regarding said property. and from the proceeds of said property to first pay his expenses and the expenses of completing the work begun and under contract, and to discharge any lawful liens upon any of said property; and the balance to dis-

tribute among the undersigned creditors in proportion to their respective claims. And we each hereby give said Hollis full power and authority to do any act regarding said property that we ourselves might do."

The plaintiff did not sign the above agreement. The value of the property assigned, including the accounts at their face, was about $2,677, and the amount of the subscribing creditors' debts, $3,800. The property at the date of the assignment was under attachment for more than its value. All but three of the attaching creditors signed the agreement, and released their attachments. The property assigned consisted largely in unfinished monuments, and contracts without value until completed. Hollis duly took possession. He has received about $1,739.64, and paid out $1,817.66. The balance of the property remaining consists in claims due the firm, or in materials. The trustee offered to prove, if material in determining his liability, that the agreement was not delivered by the debtors to the creditors until it had been executed by all whose names now appear upon it, and that the defendants refused to make an assignment under the statute, and to deliver up the contracts for the monumental work, unless the bulk of their creditors would receive it in full payment of their debts. These contracts were for the delivery of work in distant states, and the materials without the contracts were of little value. All the creditors had an opportunity to become parties to the agreement.

The court, *pro forma*, held the trustee chargeable, and he excepted.

*D. B. Donovan* and *A. F. L. Norris*, for the plaintiff.

*Leach & Stevens*, for the trustee.

BLODGETT, J. The trustee must be discharged. Whatever name may have been given to the conveyance in question by the parties, the practical and legal effect of it was to quitclaim the debtors' interest in the firm property to the creditors, who accepted it in satisfaction and payment of their debts. The transfer became perfected when the property was delivered to the agent of the subscribing creditors, and all the debtors' interest in it passed absolutely and irrevocably, without reversion or return under any circumstances. The transaction thus became devested of the character of a trust in any just sense, and in all its essential legal qualities and effect is to be regarded as an ordinary sale or conveyance upon a valuable consideration, and not as an assignment, which is in the nature of a trust, and whose "characteristic quality is, that after its object has been accomplished, any residue of unappropriated property, or its proceeds, returns to the assignor, who to this extent may be said to have never parted with his interest in it." Bur. Assignments (2d ed.) 30. It is therefore unnecessary

to consider the validity of the conveyance either as a statute or common-law assignment, and relative to which counsel have furnished elaborate briefs.

*Exceptions sustained, and trustee discharged.*

STANLEY, J., did not sit: the others concurred.