McCORMICK v. TOWNS *and* *Trustees*, *and* STEVENS, *Claimant*.

An order for or assignment of wages already earned, otherwise valid, is not rendered invalid by an understanding that the employer is to retain the amount due him from the assignor for house rent and fuel furnished prior to the date of the order or assignment.

FOREIGN ATTACHMENT. Issue between the plaintiff and claimant. Facts found by the court. When the writ was served on the trustees, January 27, 1885, there was $22.50 due from them to the defendant for his labor during the preceding month. On the same day, and before the service of the writ, an order in writing, signed by the defendant, was left with the trustees, directing them to pay "to Horace E. Stevens fifty dollars or the amount due me for labor." When this order was given Towns owed Stevens $51.31 for groceries, and this indebtedness was the consideration for the order. The purpose of Stevens in taking the order was to obtain payment of his debt from Towns; and it was not his purpose to hinder, delay, or defraud other creditors of Towns, although he knew that the result of his taking such orders would be to prevent other creditors from collecting their claims by trustee process. The court ordered that the trustees be discharged, and the plaintiff excepted.

*Osgood & Prescott*, for the plaintiff.

*Burnham & Brown*, for the claimant.

CLARK, J. The order being given upon a sufficient consideration and without any fraudulent intent, the fact that the claimant knew that it would prevent other creditors of the defendant from collecting their debts by trustee process did not invalidate it. *True* v. *Congdon*, 44 N. H. 48. It is contended that the assignment was void as to creditors because there was an understanding that the defendant should have his house rent and coal paid for out of the earnings assigned, and that this was a secret trust fraudulent as to creditors. But it appears that the house rent and coal were furnished by the trustees; and if there was an agreement that the trustees should retain the amount due them out of the defendant's wages against the claimant's assignment, it was merely a recognition of their legal right to set off any indebtedness of the defendant existing at the date of the assignment, and did not invalidate it. The assignment was not of wages to be earned in the future. It was an order for wages already earned. It is found as a fact that it was given upon sufficient consideration, and was not made for the purpose of hindering, delaying, or defrauding credi-

tors. It was prior to the service of the writ upon the trustees, and was a valid assignment.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.