TUCKER & a. v. CHICK, *and* BEACHAM, *Tr.*

TUCKER v. SAME.

ROCHESTER SAVINGS BANK v. SAME.

SOMERSWORTH NATIONAL BANK v. SAME.

HARGRAVES v. SAME.

SOMERSWORTH SAVINGS BANK v. SAME.

The failure of all the creditors of an insolvent to file their claims within the prescribed time does not invalidate the appointment of the assignee, or his sale of the insolvent's property.

The assignee cannot be charged as trustee in actions of foreign attachment before the final settlement of his account in the probate court; and the actions will not be continued to await the settlement when justice does not require a continuance.

FOREIGN ATTACHMENT.   Facts agreed.   The trustee, as assignee of the defendant in insolvency, has sold the defendant's real and personal property and holds the proceeds.   A decree of distribution has been reversed, on the ground that no claims were filed in the prescribed time.   *Tucker* v. *Beacham*, 65 N. H. 119.

*James A. Edgerly*, for Tucker, Cheney & Chandler and for Tucker.

*Worcester & Gafney*, for Rochester Savings Bank.

*William D. Knapp*, for Somersworth National Bank and for Hargraves.

*William F. Russell,* for Somersworth Savings Bank.

*William S. Pierce,* for the defendant.

*Beacham & Foote* and *John Kivel,* for the trustee.

SMITH, J.   The fact that the creditors neglected seasonably to prove their claims did not affect the jurisdiction of the probate court.   Chick was owing debts, and had property which the statute not only permitted him to assign for the benefit of his creditors, but upon due proceedings instituted by them would have compelled him to assign.   All the estate of the debtor vested in Beacham as assignee upon his appointment, and was held by him for the benefit of creditors.   He was assignee *de facto,* if not *de jure.* An assignee is appointed by the judge of probate and not by the creditors, although the appointment is made upon the recommendation of two thirds in number and of a majority in value of the creditors who prove their debts.   The trust does not fail because creditors neglect to prove their claims, or, proving them, neglect to vote, or are unable to agree.   The recommendation of an assignee is optional with the creditors, not compulsory.   If they fail to agree, or neglect to recommend, unless the judge has the power to appoint, the object of the statute,—the distribution of the debtor's property proportionately among his creditors, and the granting to him of a discharge if otherwise entitled to one (Laws 1885, *c.* 85, *s.* 15),—would be defeated.   Beacham having been legally appointed assignee had the right, and it was his legal duty, to convert the property of the debtor into money, to be distributed to those who under a decree of the court may be entitled to it. As no objection to his doings has been shown other than such as results from the manner of his appointment, no reason appears for declaring invalid any of his acts.

In the first two cases the plaintiffs reside in Massachusetts.   If their claims are such as follow the person, a discharge of the debtor will not bar their claims unless they prove them.   *Perley v. Mason,* 64 N. H. 6; *Norris* v. *Atkinson,* 64 N. H. 87.   In the fourth case the plaintiffs are a New Hampshire corporation. Their debt was contracted prior to the passage of the act of 1885, and not having been proved in these proceedings will not be barred by a discharge of the debtor.   Laws 1885, *c.* 85, *s.* 15. The plaintiffs in the three other suits are citizens of this state. The plaintiffs in all the suits except the fourth proved their claims, but not in season to be included in a decree for distribution.   They are now attempting to reach the funds in the hands of the assignee by trustee process.   The ground for their contention is, that as no debts were seasonably proved, there are no creditors entitled to share in the assets (*Tucker* v. *Beacham,* 65 N. H. 119), and hence that the funds in the assignee's hands

remain in or are restored to the debtor, for whom he holds them in trust. *Towle* v. *Davenport*, 57 N. H. 149; *Towle* v. *Rowe*, 58 N. H. 394; *Ramsey* v. *Fellows*, 58 N. H. 607; *Fowler* v. *Down*, 1 B. & P. 44. But it is settled in this state that a person cannot be charged as trustee who has in his possession money or credits in an official capacity, and for which he is obliged to account, until his accounts have been adjusted in the court having jurisdiction of the subject-matter. *Willard* v. *Decatur*, 59 N. H. 137; *Palmer* v. *Noyes*, 45 N. H. 174; *Woodbridge* v. *Morse*, 5 N. H. 519. A guardian cannot be adjudged the trustee of his ward until his accounts have been adjusted in the probate court and a balance found due in his favor. *Davis* v. *Drew*, 6 N. H. 399, 400. An administrator cannot be adjudged trustee of a creditor before his claim has been allowed by the commissioner of insolvency and ordered to be paid by the judge of probate. It is the decree that makes the administrator the debtor of the creditor. *Adams* v. *Barrett*, 2 N. H. 374.

As a general rule, if the principal defendant would have no right of action against the trustee, the latter cannot be charged. *Getchell* v. *Chase*, 37 N. H. 110; *Greenleaf* v. *Perrin*, 8 N. H. 273; *Adams* v. *Barrett*, 2 N. H. 374; *Haven* v. *Wentworth*, 2 N. H. 93; *Richards* v. *Railroad*, 44 N. H. 127, 139; *Paul* v. *Paul*, 10 N. H. 117, 120; *Forist* v. *Bellows*, 59 N. H. 229.

Beacham cannot be charged as trustee of Chick upon the facts agreed. His accounts have not been settled in the insolvency court. The amount due him for his services, expenses, and costs since the settlement of his former account remains to be adjusted. If Chick is entitled to the balance after such adjustment, he cannot maintain a suit therefor before the amount has been determined by a decree of that court.

Justice does not require that the actions be continued until the accounts of the assignee can be settled. *Palmer* v. *Noyes*, 45 N. H. 174. The trustee process is an equitable proceeding, and it is not equitable that the plaintiffs should stand any better than they would have stood if they had proved their claims in insolvency. Upon this conclusion, it may be for the interest of all parties to agree upon a decree of distribution and a discharge of the debtor, or to make a distribution and discharge without a decree.

*Trustee discharged.*

CARPENTER, J., did not sit: the others concurred.