Hillsborough, }
   June, 1897. }

FRADD v. CHARON & Tr., WALLACE, Claimant.

An assignment of future earnings, received in good faith and for a valuable consideration, will not be invalidated by mere knowledge on the part of the assignee of the assignor's desire to prevent an attachment by other creditors.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. The court ordered the trustee discharged, and the plaintiff excepted. Facts found by the court are stated in the opinion.

*Sullivan & Broderick,* for the plaintiff.

*Burnham, Brown & Warren,* for the claimant.

CLARK, J.   The trustee disclosed an indebtedness to the principal defendant of $151, for the service of a team and man at four dollars per day, twenty dollars of this sum being due at the date of the service of the writ, July 25, 1896, and the balance becoming due in different sums, week by week, up to September 19, 1896. The claimant seeks to hold the funds under a written assignment from the defendant, dated July 10, 1896, accepted to be paid as found due, and duly filed with the city clerk, July 11, 1896.   One object of the assignment known to the claimant was the prevention of attachment by the defendant's creditors of the sums becoming due him each week under his contract of employment; and upon this ground the plaintiff claims that the assignment was fraudulent, and that the fraud is an inference of law from the facts found by the court.   No question is raised as to the sufficiency of the consideration.

The court found that " one object of the assignment known to Wallace was to prevent attachment by Charon's creditors of the weekly sums becoming due him under his employment by the street and park commissioners of the city."   This is not a finding that Wallace had any such motive in taking the assignment. Wallace's purpose and object were to secure a debt due him from the defendant; and the fact that he knew the defendant had an object to prevent the attachment of his earnings by other creditors would in no way affect the validity of the assignment.   As Wallace was not guilty of fraud in taking the assignment as security for his claim against the defendant, the validity of that security would not be affected by knowledge of a purpose on the

part of the defendant in which he did not participate. *McCormick* v. *Towns*, 64 N. H. 278.

The consideration for the assignment was $238.95, being the amount of a promissory note for $207.97 given by Charon to Wallace, and $30.98 due to one Cota from Charon, which Wallace was to pay at the rate of two dollars per week out of the sums collected by him. The assignment was not made for the purpose of hindering or delaying Charon's creditors, or to secure a benefit to the assignor.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.