Sullivan,
June 2, 1903.

### Dole v. Farwell & Tr., Howe & a., Claimants.

An assignment of future earnings, received in good faith and for a valuable consideration, is not invalidated by mere knowledge on the part of the assignee of the assignor's purpose to defeat attachments by other creditors.

An assignment of future earnings, made for the purpose of providing for the support of the assignor and his family, is not as matter of law fraudulent as to existing creditors.

As against the trustee, a plaintiff in foreign attachment cannot raise the question whether an assignment of future earnings by the defendant is fraudulent as matter of law.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimants. Trial before *Peaslee*, J., at the November term, 1902, of the superior court.

The claimants hold an assignment of the defendant's wages, which the plaintiff seeks to avoid as fraudulent. The claimants are grocers, and being creditors of the defendant took an assignment of wages to become due him from the trustee for a term of months. The assignment was duly executed and recorded. The object of the claimants was to secure an old debt and obtain pay for what they might thereafter sell the defendant. His object was to obtain credit and also to defeat attachments by his other creditors. These facts were known to the claimants, but they

were not guilty of any fraud in fact. When the assignment was made they agreed with the defendant to let him have money from time to time out of that collected from the trustee, with which to pay his rent, doctor's bills, etc. There was no agreement as to how much they would let him have, or when they would pay it to him. They understood that they could apply the whole to their account if they saw fit. They drew the pay fortnightly, retained a greater or less part of it at their pleasure, and paid the balance over to the defendant. After the service of the writ the trustee paid the claimants the wages earned by the defendant before the service of the writ, and the claimants paid a part thereof to the defendant. His debt to the claimants at the time of the service of the trustee process was greater than the sum due him from the trustee. The trustee was discharged, and the plaintiff excepted.

*Hermon Holt*, for the plaintiff.

*Ira Colby & Son*, for the claimants.

BINGHAM, J. It appears that the claimants took the assignment for a valid consideration, and that there was no fraud in fact. Under such circumstances, their knowledge that the defendant desired to prevent attachments of his future earnings by other creditors did not invalidate the assignment. *Fradd* v. *Charon*, 69 N. H. 189.

So far as the assignment was for the support of the defendant and his family, it could not be declared fraudulent in law. *Provencher* v. *Brooks*, 64 N. H. 479, 481.

When the trustee process is invoked, the plaintiff stands in the shoes of the principal defendant as respects charging the trustee, and can raise only such questions as are open to the defendant. He cannot raise the question of fraud in law. *Corning* v. *Records*, 69 N. H. 390, 397, 398, and cases there cited.

*Exception overruled.*

All concurred.