Merrimack, }
March 5, 1912. }

### McGreenery & a. v. Murphy & Tr.

One who in good faith and for an adequate consideration purchases a stock of merchandise in bulk, but omits to notify the vendor's creditors of the proposed sale in accordance with chapter 69, Laws 1909, is not chargeable as trustee of the vendor for the value of the goods so purchased.

FOREIGN ATTACHMENT. The question relates to the chargeability of the trustee. About July 5, 1910, the principal defendant kept a pool room in Concord in which he had a stock of merchandise which he sold in bulk to the trustee for $136.12 and received that sum in cash from him. Afterward and before this action was brought, the trustee disposed of the goods in the regular course of trade. At the time of the sale the parties did not know of the statute in regard to the sale of a stock of goods in bulk (Laws 1909, c. 69) and did not comply with the conditions specified therein. Upon these facts the superior court held the trustee chargeable for $136.12, and he excepted. Transferred from the April term, 1911, of the superior court by *Wallace*, C. J.

*Starr & Flynn* and *Remick & Hollis* (*Robert Jackson* orally), for the plaintiffs.

*Martin & Howe* and *Joseph A. Donigan* (*Mr. Donigan* orally), for the trustee.

WALKER, J. The plaintiffs seek to charge the trustee for the value of the stock of goods sold by the principal defendant to the trustee, for which the latter paid an adequate consideration and which he has since disposed of in the regular course of business. It is conceded that in the absence of the statute upon which the plaintiffs rely (Laws 1909, c. 69, s. 1) the sale would be deemed valid and the trustee would be discharged. The statute referred to is as follows: "The sale in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be fraudulent and void as against the creditors of the seller, unless the purchaser demands and receives from the seller a written list of names and addresses of creditors of the seller, and certified by the seller, under oath, to be, to the best of his knowledge

and belief, a full, accurate, and complete list of his creditors; and unless the purchaser shall, at least five days before taking possession and becoming the owner of such merchandise, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, of the proposed sale and of the terms and conditions thereof."

The plaintiffs' position is that under this statute the sale in question was fraudulent and void as against them, creditors of the vendor, and that they are entitled to recover their debt by trustee process of the vendee.   If it is assumed that the statute gave them the right to secure their claim by an attachment of the stock of goods in the possession of the vendee, it does not follow that they can charge him as a trustee of the vendor for the value of the goods. The statute purports to make such a sale void as against creditors of the seller, although the parties acted with the utmost good faith and entertained no purpose to defraud or to embarrass the seller's creditors in the collection of their claims.   The sale, which was otherwise valid as against everybody, is made invalid as against creditors, as a matter of law.   It is declared fraudulent when no fraud was intended by the parties.   As was said by the court in *Thompson* v. *Esty,* 69 N. H. 55, 63, in regard to the effect of the retention of the possession by the vendor of the chattels sold: "Though it is found or admitted that the vendee paid to the vendor the full value of the property, that no actual fraud was intended or committed, and that no creditor was misled, deceived, or injured in any respect by the transaction, the law pronounces it fraudulent and void."   After showing that in many, if not in a majority, of the cases where this rule has been applied it has resulted in evident injustice, it was held that the rule should be confined within the limits of the cases to which it had been applied, and not be extended to cases where its application was not necessarily required by the authorities;   that no one but a creditor of the vendor who had attached the property could have the sale set aside on account of the constructive fraud;   and that an assignee in insolvency, though representing all the creditors, did not have that right.   An attaching creditor who has obtained judgment for his debt is alone entitled to appropriate the property so held, as against the innocent vendee who has paid the vendor a full consideration for it.   In the course of the discussion, the court refer to the opinion in *Boardman* v. *Cushing,* 12 N. H. 105, and say:  "This is an unequivocal recognition of the rights of creditors to set aside a presumptively fraud-

ulent conveyance upon an attachment of the property, but the opinion also contains the equally emphatic assertion that the enforcement of such rights, without regard to the actual intention of the parties or the resulting injury, is not to be extended to cases requiring the application of equitable principles. To charge a trustee in foreign attachment on account of a fraudulent sale of property, fraud must be proved as a fact from all the relevant circumstances of the case, and not declared as a matter of law from a few circumstances which as evidence might indicate a fraudulent purpose."

The phrase "fraudulent and void as to creditors" relates to attaching creditors who seek to set aside the vendee's title, which, until set aside, is a valid title. As between the parties to the sale, the title passed to the vendee and it remains in him until it is vacated by a creditor of the vendor upon proceedings instituted for that purpose, or until the vendee disposes of the property. Though the word "void" is used in the statute, in legal effect it means voidable at the instance of an attaching creditor. But as above suggested, a creditor who resorts to trustee process against the vendee is not an attaching creditor. He does not attach the property and seek to defeat the vendee's title. He acquires no lien upon the property. *Corning* v. *Records*, 69 N. H. 390, 398. It may not be inaccurate to say that he affirms the sale, but seeks to charge the trustee for its value upon some equitable ground. "That trustee process is an equitable proceeding in which the rights of the parties are determined upon equitable principles, and that, in the absence of fraud in the intent, the trustee cannot be charged for chattels in his possession unless he has in his hands property belonging to the defendant which the defendant has the legal right to take and carry away, are propositions for which in this state the citation of authority seems superfluous." *Corning* v. *Records, supra*, 396. See, also, authorities there cited. This general principle is recognized and applied in *Dole* v. *Farwell*, 72 N. H. 183, where it was held that, as against the trustee, a plaintiff in foreign attachment cannot raise the question whether an assignment of future earnings by the defendant is fraudulent as matter of law.

In *Gutterson* v. *Morse*, 58 N. H. 529, cited by the plaintiffs, the trustee was charged for the value of property fraudulently conveyed to him without consideration, which he had sold, because it was equitable and just that he should be so charged, and not upon the ground of setting aside the trustee's title to the property. Having

fraudulently received the defendant's property and sold it, equity required that he should account for its value to the defendant's creditor. The case is not an authority for the proposition that one sued as a trustee may be charged for the value of property sold to him by the defendant, when there was no fraud in fact connected with the sale and when he had paid the defendant a full and fair consideration for it. Equity does not require or authorize such a holding. *Pittsfield Bank* v. *Clough*, 43 N. H. 178, 187. In view of the settled law of this state upon this subject, apparently contrary holdings elsewhere (*Jaques & Tinsley Co.* v. *Warehouse Co.*, 131 Ga. 1; *Kohn* v. *Fishbach*, 36 Wash. 69) need not be considered.

In the enactment of the statute in question the legislature of 1909 furnished no evidence of an intention to establish a new rule for the collection of debts in cases of conveyances of property by debtors, which are merely fraudulent in law but not in fact, nor to extend the equitable process of foreign attachment to such cases. The intention was to apply the doctrine of constructive fraud to sales of personal property, under certain circumstances, which before had been regarded as valid sales. The statute was designed to extend the doctrine, but not to affect or increase the remedies that have been applied in cases of constructive fraud, as contrasted with cases of actual fraud. It furnished, therefore, no justification for charging the trustee in this proceeding.

This result renders it unnecessary to consider the question, raised and argued by counsel, of the constitutionality of the statute.

*Exception sustained.*

All concurred.