Merrimack,  }
Dec. 1, 1914. }

CLOUGH & PARKER *v.* GLINES & STEVENS CO., JOHN S. SHEPARD & a., *Trs.*

Where the stockholders of an insolvent corporation, acting without intent to defraud, transfer for a sufficient consideration all the property and assets to a creditor, who agrees to take the same in satisfaction of his debt and to settle with all other creditors who will accept fifty per cent of their claims, the transaction is an absolute sale which is legal and effective against non-assenting creditors of the vendors.

In such case, a creditor who seeks to invalidate the sale on the ground of constructive fraud cannot charge the vendee for the value of the property in an action of trustee process against the vendors, but is required to attach the goods, successfully prosecute his action at law, and proceed to have the transfer set aside in the capacity of judgment creditor.

FOREIGN ATTACHMENT. Transferred without a ruling from the April term, 1914, of the superior court by *Branch*, J., on an agreed statement of facts. The indebtedness of the principal defendant to the plaintiffs is admitted, and the only question raised relates to the chargeability of the trustees.

For some time before October 11, 1913, the Glines & Stevens Company was insolvent and unable to pay its creditors in full. On that date its stockholders voted to "sell, assign, and transfer" all the property and assets to the trustees, who were large creditors, upon their agreement to take the property in full satisfaction of their claims against the corporation and to settle within thirty days with all the other creditors who would accept fifty per cent of their

claims.   This transfer was put into writing and signed by the corporation and by the trustees, who thereupon took possession of the property and carried on the business.   Most of the creditors either agreed to take fifty per cent of their claims or to accept stock in a new corporation the trustees proposed to form for carrying on the business.   The plaintiffs refused to compromise their claim and insisted on the full amount.   The transfer of the property to the trustees was made in good faith and without any intent to defraud the creditors of the corporation.

*Branch & Branch* (*Frederick W. Branch* orally,) for the plaintiffs.

*Edward G. Leach* (by brief and orally), for the trustees.

WALKER, J.   According to the decisions in *Kenefick* v. *Perry*, 61 N. H. 362, and *Hosmer* v. *Farley*, 67 N. H. 590, the transfer of the insolvent debtor's property to the trustees was an absolute sale.   It was not attended with a secret trust for the benefit of the vendors, which might in a proper proceeding by a creditor be held to invalidate the transfer; and the fact is found that no actual fraud upon a creditor was attempted or contemplated.   The controlling purpose was to protect all the creditors without creating or attempting to create unjust or inequitable preferences.   As the sale was upon a sufficient consideration and evidently fair to all parties, it was legal and effective as against the plaintiffs in this action at law.

Moreover, it is well established in this state that in the absence of a fraudulent intent on the part of the vendee he cannot be charged as a trustee of the vendor, for the value of property honestly bought and paid for, in the equitable action of trustee process.   In such a case, if the creditor believes the transfer was fraudulent as a matter of law, he must proceed by an attachment of the property, obtain judgment in his action at law, and then seek in equity to have the transfer set aside upon that ground. . He must proceed as a judgment creditor having an attachment lien upon the property. *Thompson* v. *Esty*, 69 N. H. 55; *Corning* v. *Records*, 69 N. H. 390; *Dole* v. *Farwell*, 72 N. H. 183; *McGreenery* v. *Murphy*, 76 N. H. 338. The order must be.

*Trustees   discharged.*

All concurred.