Rockingham,
Nov. 6, 1917.

WILLIAM S. GOODRICH, *Assignee,* v. JOHN H. WOODSOME & a.

If an insolvent corporation assign and convey all its property in trust for all its creditors, of whom some ratify the transaction and agree to accept their proportionate share of the proceeds arising therefrom, in full satisfaction of their respective debts, the grantee having accepted the conveyance is a purchaser for value.

BILL IN EQUITY, to determine the rights of the parties in certain property conveyed to the plaintiff by the Epping Box & Lumber Co. Hearing by the court, who found that the defendant Hamilton mortgaged his interest in the business and property of a partnership, of which he was a member, to the defendant Woodsome on January 30, 1913, to secure the payment of his note for $1,000. Some time in March, 1913, the partners formed the corporation known as the Epping Box & Lumber Co., which took over the property and assumed the liabilities of the partnership. The business was a failure and on February 17, 1914, the corporation conveyed all its property, including that in question, to the plaintiff for the benefit of all its creditors who should assent to the conveyance. There was a meeting of the creditors on February 21, 1914, and a large majority of them assented to the assignment and agreed to accept their proportionate share of the proceeds in full settlement of their claims. On the 13th of the following March, Woodsome recorded his mortgage and on the next day recorded another mortgage of the same property to secure the payment of a second loan of $1,000. This loan was made before the incorporation.

Neither the plaintiff nor any of the assenting creditors knew of these mortgages when they assented to the assignment. The court found that the property was not subject to either of them and Woodsome excepted. Transferred from the January term, 1917, of the superior court by *Sawyer*, J.

*Eastman, Scammon & Gardner*, for the plaintiff.

*Mathews & Stevens*, for the defendant.

YOUNG, J. It can serve no useful purpose to consider what Woodsome's rights would have been if the plaintiff had taken the property with knowledge of his claims or if he were not a purchaser for value, for the court has found that neither the plaintiff nor any of the assenting creditors knew of these mortgages on February 21, 1914; and at that time the plaintiff was a purchaser for value. *Kenefick* v. *Perry*, 61 N. H. 362. Woodsome's mortgages, therefore, are invalid in so far as the plaintiff is concerned (P. S., *c.* 140, *s.* 12) for the possession of the property was not delivered to and retained by him, and he failed to comply with the provisions of *s.* 2 in respect to recording his mortgages.

*Exception overruled.*

All concurred.