Rockingham, }
June 29, 1918. }

ELDREDGE BREWING COMPANY v. COCHECO BOTTLING COMPANY.

An assignment of all a debtor's assets for the benefit of his creditors is not a sale in bulk within the meaning of Laws 1909, c. 69, s. 1; and hence is valid against a subsequent attachment, though there has been no compliance with the provisions of that statute.

ASSUMPSIT. The defendants assigned all their assets including stock in trade, book accounts, tools and machinery to one O'Malley for the benefit of all their creditors. After he had accepted the trust and taken possession of the property, the plaintiffs attached it as the defendants' property. The court permitted the assignee to intervene in this suit and ask for an order dissolving the attachment. Transferred by *Allen,* J., without a ruling from the January term, 1918, of the superior court.

*Ralph C. Gray* and *Ernest L. Guptill,* for the plaintiffs.

*Fred H. Brown* and *Hughes & Doe,* for the defendants.

YOUNG, J. The plaintiffs are creditors of the defendants and they contend that the assignment is void as to them because of Laws 1909, c. 69, s. 1. While an assignment like the one in question may be a sale for some purposes (*Kenefick* v. *Perry,* 61 N. H. 362; *McGreenery* v. *Murphy,* 76 N. H. 338; *Clough* v. *Glines,* 77 N. H. 408; *Goodrich* v. *Woodsome,* 78 N. H. 488) it is not a sale within the

ordinary meaning of that term. This tends to the conclusion that such transactions are not void under the provisions of *s.* 1. The fact such a transaction tends rather to prevent than to promote 'the evil at which that section is aimed,—that peculiar to merchants selling their stock in trade in order to defraud their creditors, —also tends to the conclusion that such an assignment is not a sale within the meaning of that term as it is used in this section. In fact all the evidence points to this conclusion. It must be held, therefore, that the attachment of the trust property was illegal.

*Case discharged.*

All concurred.