Belknap,
June 25, 1931.

WEBSTER & ATLAS NATIONAL BANK

*v.*

GEORGE A. FULLER SONS COMPANY & a.,

FARMINGTON NATIONAL BANK, & a., TRUSTEES,

(EDITH FULLER, *claimant*).

Strafford,
June 25, 1931.

SAME *v.* ALFRED E. FULLER & a.

*Conrad E. Snow*, (by brief and orally), for the plaintiff.

*Lucier & Lucier* and *Karl E. Dowd* (*Mr. Alvin A. Lucier* orally), for Edith H. Fuller.

PEASLEE, C. J.    I.    In the proceedings seeking to charge the trustees in the original action it was incumbent upon the plaintiff to prove either a claim recoverable by the plaintiff from the trustee, or a transfer of the defendant's property which was fraudulent in fact.    A mere fraud in law is not sufficient.    There must be "fraud in the intent."    *Corning* v. *Records*, 69 N. H. 390, 396, and cases cited.    And this fraudulent intent must be participated in by the trustee (*Clough* v. *Company*, 77 N. H. 408), or by the claimant, if the issue is between him and the plaintiff.    *Fradd* v. *Charon*, 69 N. H. 189.    As against them, the plaintiff "cannot raise the question of fraud in law" by invoking the trustee-process.    *Dole* v. *Farwell*, 72 N. H. 183.

As there was no claim of fraud upon the part of the bank, it could be charged only upon one of two grounds. If it had been made to appear that the defendant could have recovered the fund from the bank because it was his property in fact, though held in the name of his wife, the bank might have been charged. This was the theory upon which the plaintiff originally tried its case. The adverse finding upon this issue of fact, disposed of any such claim of accountability.

If fraud in fact, participated in by the wife, had been shown, her position as claimant of the fund in the bank might have been defeated, or she might have been charged as trustee for the fund she fraudulently received. The court therefore properly tried in that proceeding the issue of fraud in fact. Having found that there was no such fraud, the legal conclusions followed. She was entitled to be discharged as trustee, and the bank was to be discharged, as to this fund.

The motion for a further hearing because of newly discovered evidence, presented no issue properly triable in that case. The allegations of the motion relate solely to a fraud which the law implies because of transfers made by insolvents, or those about to become insolvent. As before pointed out, if the plaintiff should prevail upon the issue it thus sought to try, it would not have ground for charging either of the trustees. The motion was properly denied.

The motion to set aside the order discharging the trustees could be sustained only upon grounds apparent upon the special findings. Questions which might have been, but were not, raised during the trial are not open. *Bennett* v. *Larose*, 82 N. H. 443, and cases cited; *Hould* v. *Company*, 83 N. H. 474. Questions of inconsistency between the special findings and the general one, or of the sufficiency of special findings to support a general one purporting to be based upon them, are open for consideration. *Hatch* v. *Hillsgrove*, 83 N. H. 91, 98.

The only error claimed in the available aspects of the case is that already considered and decided adversely to the plaintiff's contention. There was no error of law in the denial of this motion.

II. After the proceedings in the suit at law before stated had all been taken, the plaintiff filed a creditor's bill against the Fullers and the Farmington bank, seeking to reach and apply the fund in question upon the judgment to which it was entitled, but which had not been entered up. The defendants answered that the issue had been decided in the suit at law. The court so ruled, and dismissed the bill.

Apparently the defendants' claim is that this is a second suit for the same cause of action, and that the defendants had judgment in the

former suit. One answer to this is that the former suit had not gone to judgment, nor was it in order for judgment, as to the liability of the trustee. If the claim is that there is a prior suit pending between the same parties for the same cause of action, it is answered by what has already been said as to the inadmissibility of the issue of fraud in law in the trustee suit. In each proceeding the plaintiff seeks to reach the fund in satisfaction of its debt. But in one suit it can, while in the other it cannot, raise the issue of fraud in law. If one mistakenly sues in trover, judgment against him for that reason is not a bar to his subsequent and proper suit for trespass. *Kittredge* v. *Holt*, 58 N. H. 191.

If the design was to plead an estoppel by judgment as to certain facts, rather than a judgment barring the action (*Metcalf* v. *Gilmore*, 63 N. H. 174, 189), the same difficulty arises that the prior suit is still pending; and there is the further answer that the facts alleged were not matters put in issue by the pleadings in the former suit. *Winnipiseogee &c. Co.* v. *Laconia*, 74 N. H. 82. Where the cause of action is different, the former judgment is not a bar, and it creates an estoppel only as to matters technically in issue in the former suit and either actually litigated or admitted by the pleadings. *Chesley* v. *Dunklee*, 77 N. H. 263. But quite aside from any failure of the former proceedings to bar a retrial of facts once tried and found between the same parties, it also appears that there never has been any such trial.

From what has already been said, it is apparent that the issue of fraud in law, raised by the bill, was not involved in the suit at law, and consequently could not properly be decided therein. Moreover, there does not appear to have been any attempt to decide it there, in the first instance. But while this claim was not in issue in the earlier case, certain facts essential to the maintenance of this bill were there involved; and, if they were decided adversely to the plaintiff, such decision might be a defence to the bill. *Forist* v. *Bellows*, 59 N. H. 229.

The defendants claim such a situation. One question in the trustee action was whether this fund was in fact the property of the wife before it was withdrawn from the bank in Massachusetts. The defendants argue that the findings in that case establish such fact. The findings were in substance as follows: The Fullers were married in 1920. Before that time Alfred's father had started an account in Alfred's name in a co-operative bank. After the marriage Alfred earned about $50 a week, and from this $40 a month was deposited on this account. He was not inclined to save money, and his wife interested herself to see that these deposits were made. In 1922 he

borrowed $600 from the account and used it in a business venture, apparently with a total loss.

In October, 1924, the account amounted to $2911. At this time $2500 was borrowed from the fund, with intent on the part of Alfred to invest in another business venture. The wife objected. The fund represented their savings, which they considered belonged to both of them; and they had two children. After full discussion it was agreed that $2400 of the money borrowed be turned over to Mrs. Fuller and be invested by her in the proposed manner. This was done, the investment proved unsatisfactory, was disposed of at the purchase price, and the proceeds deposited by her in the Farmington bank. The remainder of the $2911 was left in Alfred's name and was thereafter dealt with by him as his property.

These transactions were had without any reference to Alfred's creditors and were not entered into with any purpose to defraud them. It was concluded that the fund in the Farmington bank was the property of Mrs. Fuller.

It does not appear from the foregoing that the court found that the $2400 delivered to the wife was already her property, or that there was then a fair adjustment of a doubtful question as to how much of the larger fund was hers. Either of these thoughts may have been in the mind of the presiding justice, but he did not give expression to his views upon the subject. There was no occasion for him to do so. Having concluded that the transfer was honestly made, he had gone as far as was necessary to establish the legal conclusion that the trustees could not be charged.

The findings are insufficient to show the fact essential to the defence relied upon. The issue of her title before the transfer of October 1924 has not been decided. It follows that the dismissal of the bill cannot be sustained upon the ground that this question had already been litigated and passed upon between the same parties. It is, therefore, unnecessary to determine whether this question was there in issue in such a sense that a finding upon it would conclude the plaintiff in this proceeding (*Winnipiseogee &c. Co.* v. *Laconia*, 74 N. H. 82).

But it is urged that in another aspect of the case there had been a determination of an issue fatal to the maintenance of the bill. It is said that by request of the plaintiff the court found the facts upon the motion for a further hearing, and that the conclusion thus reached, that the notes in suit were not renewals of notes outstanding when the transfer to Mrs. Fuller was made, is binding in the equity proceeding and requires that the bill be dismissed.

It is also said that the plaintiff voluntarily submitted the whole issue of fraud in law to determination on the motion for further hearing in the trustee action and is bound by the general conclusion there reached that no cause for complaint upon that ground had been shown.

The motion there filed was entitled a "motion for a new trial." It contained no allegation tending to show it had any different character; and it is so described in the findings made. There was a hearing and the motion was denied. Thereafter the plaintiff asked the court "to find the facts in writing, and that the whole record be transferred to the Supreme Court on the plaintiff's motion to set aside the verdict, and upon the denial of the plaintiff's motion for a new trial." The court then made the findings upon which the defendants now rely.

In submitting the motion for a new trial the plaintiff put before the court for decision the issues properly triable upon such motion, and no others. The request that the facts be found has the same limitation. It was not until after the findings were filed that it appeared that the court had misconceived his functions and had passed upon the merits of the issue the plaintiff was asking leave to retry, instead of restricting his conclusions to the settlement of the issue presented by the motion, that is, whether the new evidence raised a new question of fact or law. *Watkins* v. *Railroad*, 80 N. H. 468, and cases cited.

There is nothing to show that the plaintiff submitted the issue of fraud in law for a final decision in the hearing upon the motion for a new trial. It was plainly attempting to get a final hearing on that issue in the trustee proceeding. If it had succeeded in doing so, the question would be presented whether it was bound by the result, although the result was immaterial to the case wherein the issue was tried. But before that stage of the proceedings had been reached the motion for a new trial was rightly denied, though upon an erroneous course of procedure. The result thus reached, being correct in law, concludes the plaintiff as to a new trial. But the erroneous procedure and unauthorized finding, being excepted to, do not bind the plaintiff. The issue of fraud in law has not been duly heard and determined.

Other defences to the bill have not been presented or considered.

*Exceptions overruled in the first case, and sustained in the second.*

SNOW, J., did not sit: the others concurred.