In re PARENT.
No. 4511.

District Court, D. New Hampshire.
Jan. 24, 1940.

Bernard Jacobs, of Lancaster, N.H., for Swift & Co.

Matthew J. Ryan, of Berlin, N. H., for Hannaford Bros. and Twitchell-Champlin Co.

Arthur O. Dupont, of Berlin, N. H., for trustee.

MORRIS, District Judge.

Leo Albert Parent was engaged in the retail grocery business at Berlin, New Hampshire. On December 20, 1938, Swift & Company, a large creditor of Parent, made an attachment on all of his stock in trade, and fixtures. One Fred Jacobs was appointed by the sheriff as keeper, and remained in possession as such until January 24, 1939, when the bankrupt made a general assignment to said Jacobs of all his property for the benefit of his creditors. The instrument of assignment provided among other things that the assignee could sell and convert into cash all the assets of the assignor, and, "after paying the proper costs and expenses of carrying on the trust, together with all claims and demands preferred according to law, pay the balance of the proceeds of such sale to all of my creditors in proportion to the amount of their respective claims, as the same shall be approved and established."

It was further provided that in case of bankruptcy within six months of the date of assignment the assignee should "pay over to the trustee all the property to which such trustee would have been entitled had this instrument not been made."

Another provision authorized the assignee, after deducting expenses of administration, "to pay the balance of said proceeds to the various creditors of the said Leo A. Parent, pro rata, in proportion to the amount of their respective claims."

Fred Jacobs, the assignee, who was still in possession as keeper, continued in possession under the assignment and converted the property into cash paying a certain mortgage indebtedness and expenses of administration.

The assignment was never recorded as provided by Chapter 9 of the New Hampshire Statutes, Session Laws of 1933. Swift & Company accepted the assignment as did all of the creditors, excepting Hannaford Brothers Company and Twitchell-Champlin Company.

The assignee operated the store for a time, converted all the assets into cash and paid off certain mortgages.

On March 8, 1939, Hannaford Brothers and Twitchell-Champlin Company sued out writs against Parent and trusteed the money in the hands of Jacobs, assignee. No trustee's disclosure has been taken. The suit of Swift & Company and the two last-mentioned suits are still pending. Attorney for Swift & Company claims that the assignment being invalid the attachment made prior thereto is still existent; that Fred Jacobs having been appointed keeper and never having been discharged still holds the proceeds of the money realized from the sale of the assets and that such proceeds should be applied on Swift & Company's debt.

Attorney for Hannaford Brothers and Twitchell-Champlin Company claim that the assignment was invalid, that Swift & Company lost its attachment by reason of assenting to the assignment and that the balance

of the money held by the assignee should be applied on his client's debts.

On July 7, 1939, a voluntary petition in bankruptcy was filed by counsel for Parent. The petition was defective on account of being made out on the old forms which were in use prior to February 13, 1939. The above-mentioned petition was received in the clerk's office July 7, 1939. The receiving date was stamped on the envelope and retained by the clerk. The petition was returned to counsel and attention called to the fact that it was defective. Thereupon a new petition was drafted and filed with the clerk July 13, 1939. Adjudication and order of reference was made July 14. The trustee process on the two writs was served on Jacobs, assignee, March 8, 1939, and four months therefrom expired July 8, 1939, between the time of filing the defective petition and the corrected one. Counsel claims that the attachment by trustee process had matured prior to bankruptcy.

Chapter 9 of the Session Laws of 1933, provides: "No instrument by which title to real or personal property is conveyed, transferred or assigned to an assignee, trustee or other fiduciary for the benefit of the creditors of the assignor shall be valid to transfer the title of the assignor therein unless such assignee, trustee or other fiduciary is a resident of this state, nor until the same has been recorded in the office of the clerk of the town in which the assignor resides at the time of making the same, or in the office of the clerk of the town where the property is situated when the assignor resides out of the state, and in the registry of deeds in the county in which the realty, if any, is situate."

■ I hold that the assignment by Parent to Jacobs dated January 24, 1939, is invalid except as between the parties.

■ I hold that Swift & Company, by assenting to the assignment, lost its attachment because the office of keeper and that of assignee, joined in the same person, are inconsistent, and probably would have become distinctly hostile if other creditors had realized that the funds in the hands of the assignee were insufficient to pay the Swift & Company claim. If the Swift & Company action had gone to judgment and the sheriff had attempted to seize the property to levy an execution on the same the hostility between the two offices would have become apparent.

The Referee allowed the Swift & Company claim as an unsecured claim disallowing the security, and it filed no petition for review of the referee's decision.

Counsel for Swift & Company claimed in argument a right of review. This was denied by counsel for the other two petitioning creditors on the ground that the petition for review was not filed within ten days after the Referee's decision, November 29, 1939.

On December 22, 1939, Swift & Company filed a petition for review with the Referee which was not granted and thereupon filed an affidavit with the Court, setting forth reasons for the delay and why the petition should be granted.

The affidavit appears sufficient if it is within the power of the Court to grant such an order.

Prior to the passage of the Chandler Act, June 22, 1938, 11 U.S.C.A. § 1 et seq., the time for filing a petition for review was regulated in this district by a rule of court which the District Judge could use discretion in enforcing and although worded practically the same as the present statute such discretion was sometimes exercised.

Section 39 sub. c of the Chandler Act, 11 U.S.C.A. § 67, sub c is worded as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. * * * *"

■ It is evident that the statute was passed for the purpose of speeding up the settlement of bankrupt estates and does not mean that the Court may fix a date after the ten days have elapsed for filing such a petition unless leave has been granted before the expiration of the ten days. The word "extended" implies a lengthening out of the time previously fixed and not the arbitrary setting of a new date.

■ I hold that the referee's ruling denying Swift & Company's petition for review is correct.

My attention has been called to the case of In re Oakland & Belgrade Silver Fox

Ranch Company, D.C., 26 F.2d 748, in which Judge Hale granted a review after the expiration of the ten days but the period was fixed by rule of court and not by statute.

Attorney for Hannaford Brothers and Twitchell-Champlin· Company bases his clients' claims to the funds in the hands of the assignee upon the ground that his attachment was more than four months old before the corrected petition was filed.

 I hold that the corrected petition should be treated as an amendment to the defective petition which was filed July 7, 1939, one day prior to the expiration of the four months period. The petition was defective only because it was made out on the old forms.

There appears an additional reason for sustaining the ruling of the referee. The assignee was served with trustee process, which, under the rulings of the New Hampshire court, would give the creditors only such rights as the debtor had to the funds in the hands of the trustee. The assignment was absolute in form, good between the parties and conveyed all the rights Parent had in the property assigned. Dole v. Farwell, 72 N.H. 183, 55 A. 553; Tucker v. Chick, 67 N.H. 77, 37 A. 672.

The assignment from Parent to Jacobs was valid between the parties but invalid to convey Parent's interest as against creditors. Parent could recover nothing from Jacobs in a suit at law if one were brought. The invalidity of the assignment for lack of recording, in the absence of actual fraud as distinguished from fraud in law, or constructive fraud, does not furnish a basis for a valid attachment of funds in the hands of Jacobs in an action brought by creditors against Parent. Creditors could avail themselves of the invalidity of the assignment only by attachment and sale on execution of the physical property transferred by the assignment. Under the long-established principles applicable to trustee process, a creditor merely steps into the shoes of his debtor.

I hold that in the instant case, the debtor having no right of action against his assignee, the funds in the hands of Jacobs are not subject to be held on attachment by trustee process. Clough & Parker v. Glines & Stevens Company, 77 N.H. 408, 92 A. 803; McGreenery v. Murphy, 76 N.H. 338, 82 A. 720, 39 L.R.A.,N.S., 374; Webster & Atlas National Bank v. Fuller, 85 N.H. 186, 155 A. 697.

While it is true that the cases above cited were decided prior to the passage of the 1933 statute I find nothing in that statute, as I construe it, which enlarges the scope of settled principles applicable to trustee process.

The rulings of the referee in bankruptcy regarding the claims of Swift & Company, Hannaford Brothers and Twitchell-Champlin Company are affirmed.